IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEITH KENNARD CARTER,         )
                              )
            Petitioner,       )
                              )
      v.                      )    1:09CV799
                              )
ALVIN W. KELLER,              )
                              )
            Respondent.       )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2006, Petitioner proceeded to trial on charges of statutory rape of a 13-, 14-, or 15-year-old and indecent liberties with a child in case 05 CRS 60865. The relevant facts at trial were summarized on direct appeal by the North Carolina Court of Appeals as follows:

> [O]n 26 August 2005, Defendant, a 19-year-old male, and his first cousin, a 14-year-old female, were at their grandmother's house. Sometime after midnight, Defendant approached his cousin as she lay on a couch in the living room watching television; placed his hand over her mouth; pulled her pajama bottoms and panties down; and raped her.
> The female cousin stated she was unable to cry out for her grandmother, who was in the next room, because Defendant's hand covered her mouth. She later informed her grandmother that Defendant raped her and her grandmother transported her to the hospital. While at the hospital, a rape exam was completed and her statement was taken by police. Later that day, Defendant agreed to accompany a police officer to the station to answer questions relating to the events. Initially, Defendant wrote a statement denying any sexual contact with his female cousin. Shortly after making a phone call, Defendant expressed his wishes to revise his statement. During the subsequent interviews, Defendant stated that

> his female cousin was coming on to him and they engaged in consensual sexual intercourse.
>
> At trial, Defendant testified in his own defense that he never had sexual intercourse with his female cousin but she performed oral sex on him. Defendant further testified that both of his pretrial statements were untrue and that he was afraid the police officers would not believe him, so he told them what they wanted to hear.

State v. Carter, No. COA07-324, 2007 WL 2473143, at *1 (N.C. App. Sept. 4, 2007).

Based on these facts, Petitioner was convicted of both charges and received an active sentence of 100 to 129 months of imprisonment for the statutory rape charge and a suspended sentence of 19 to 23 months for the indecent liberties charge. Id. Petitioner's direct appeal was unsuccessful. Id. Petitioner then sought collateral review through a motion for appropriate relief filed with the trial court. (Docket Entry 6, Ex. 8.) The motion was summarily denied. (Id., Ex. 9.) Petitioner filed a petition seeking a writ of certiorari, which the North Carolina Court of Appeals denied. (Id., Exs. 12, 14.) Petitioner next filed his Petition in this Court. (Docket Entry 2.)

### Petitioner's Claims

Petitioner raises two claims for relief in his Petition. First, he charges that his attorney provided ineffective assistance by allowing Petitioner to proceed to trial while knowing that he was "not stable to stand trial." (Id., ¶ 12, Ground One(a).) Second, Petitioner claims ineffective assistance of counsel based on his attorney's failure to object to a sentence in the aggravated

range for the statutory rape offense, although the judgment states that the sentence fell within the presumptive range. (Id., Ground Two(a).)

Respondent answered the two original claims with a Motion for Summary Judgment. (Docket Entry 5.) Petitioner filed a Response to the Motion for Summary Judgment that briefly addressed the first claim in the Petition, but mainly focused on an entirely new claim that he received ineffective assistance of counsel because his attorney did not uncover the fact that Petitioner was sexually and physically abused as a child. Petitioner believes that his attorney should have discovered this evidence and used it at sentencing to argue for a sentence in the mitigated range. (Docket Entry 8.) Respondent has filed a separate motion seeking dismissal of the additional claim. (Docket Entry 9.) Petitioner has also responded to that motion. (Docket Entry 15.)

## Discussion

Although Respondent addresses Petitioner's claims in two separate motions, he presents one common argument, i.e., a procedural bar forecloses all Petitioner's claims. Absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. See Harris v. Reed, 489 U.S. 255, 262 (1989). A procedural rule qualifies as adequate if the state court regularly or consistently applies it, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and as independent if said

rule does not depend on a federal constitutional determination, <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75 (1985).

Respondent contends that Petitioner's first claim for relief is barred from federal review on its merits because Petitioner raised that claim in a motion for appropriate relief and the state trial court found it procedurally defaulted under N.C. Gen. Stat. § 15A-1419(a).[1] That statute requires denial of grounds for relief raised in a motion for appropriate relief, subject to certain narrow exceptions, if a defendant already raised the ground in a prior motion for appropriate relief or appeal and had the matter decided on the merits or could have raised the claim in a prior motion for appropriate relief or appeal, but did not. In rejecting Petitioner's motion for appropriate relief, the trial court noted that Petitioner may have raised the claim at issue on appeal and that, if he had not, he could have. Therefore, it determined that North Carolina law barred the claim. (Docket Entry 6, Ex. 9, ¶¶ 6-8.)

The United States Court of Appeals for the Fourth Circuit has considered whether a petitioner denied relief under N.C. Gen. Stat. § 15A-1419(a) may bring those claims in a federal habeas petition. <u>Boyd v. French</u>, 147 F.3d 319 (4th Cir. 1998). In finding that the procedural bar applies in that context, the Fourth Circuit stated:

---

[1] The trial court also stated that, even if considered on the merits, Petitioner's claim that his attorney improperly allowed the trial to go forward while Petitioner was incompetent lacked merit. (Docket Entry 6, Ex. 9, ¶ 9.) This alternative disposition does not affect the application of a valid procedural bar. See <u>Ashe v. Styles</u>, 39 F.3d 80, 86 (4th Cir. 1994).

-4-

> This court has consistently held, however, that § 15A-1419 is an adequate and independent state-law ground for decision foreclosing federal habeas review. See Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998); Ashe v. Styles, 39 F.3d 80, 87-88 (4th Cir. 1994) (explaining that a federal habeas petition should have been denied on the basis of procedural default because the state court denied relief pursuant to § 15A-1419(a) which is "an adequate and independent state law ground of decision"); see also O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996) (en banc) (holding that unambiguous procedural rules derived from state statutes or court rules are necessarily "firmly established" (internal quotation marks omitted)), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) . . . .

Boyd, 147 F.3d at 332.

A review of the North Carolina Court of Appeals' decision on Petitioner's direct appeal confirms that Petitioner did not raise the first claim in his instant Petition (regarding his competency to stand trial) on direct appeal. Specifically, although he alleged ineffective assistance of counsel on direct appeal and cited his mental difficulties, Petitioner presented only claims that dealt with his attorney's allegedly defective representation at sentencing. Petitioner did not argue that he was incompetent to stand trial and that his attorney improperly allowed the trial to go forward. Accordingly, Petitioner's current claim regarding his competency at trial was raised for the first time in his motion for appropriate relief even though it could have been raised on appeal. As a result, that claim was procedurally barred under state law and will remain subject to a procedural bar in federal court unless Petitioner either demonstrates cause and prejudice for his procedural default, or establishes that this Court's refusal to

address his claims will result in a miscarriage of justice. See Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009).

Petitioner does not allege cause or prejudice, nor does he seek to establish that a miscarriage of justice will occur if his claim goes unheard. In his Response to Respondent's Motion for Summary Judgment, Petitioner briefly argues the merits of the claim, but does not address his procedural default. His Response to the Motion to Dismiss does not directly discuss the claims raised in the Petition at all. Under these circumstances, Petitioner's first claim for relief is procedurally defaulted and should be denied.

Petitioner's two remaining federal claims for relief warrant similar disposition. A review of the state court record shows that he did not raise them either on direct review or in his motion for appropriate relief. Therefore, he has failed to exhaust his state court remedies for these claims as required by 28 U.S.C. § 2254(b). This failure gives rise to a procedural bar. If Petitioner returned to the state courts to exhaust his unexhausted claims through another motion for appropriate relief, he would face mandatory imposition of the procedural bar under N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (noting that § 15A-1419 procedural bars became mandatory in 1996). Where, as here, a habeas petitioner would find his nonexhausted claims subject to a mandatory procedural bar if he returned to state court for exhaustion, the claims are barred from federal habeas review. Breard v. Pruett, 134 F.3d 615, 619 (4th

Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), for proposition that unexhausted claims are barred from federal review if, upon return to state courts, those courts would find claims procedurally barred).

Again, Petitioner could evade the procedural bar by showing cause and prejudice or a miscarriage of justice. However, he does not do so. Petitioner does not address the Petition's second claim for relief in either of his response briefs.[2]

As for the abuse-as-mitigation claim, Petitioner makes two arguments. First, he pleads ignorance by stating that he has only a high school education and lacks legal training. Petitioner's procedural default, however, occurred when he failed to pursue this matter on direct appeal when he had the benefit of counsel. Therefore, Petitioner's own lack of education and his status as a lay person played no part in the default.

Second, Petitioner contends that he did raise this claim in the state courts because he raised ineffective assistance of counsel claims on appeal. This argument has no merit. Although Petitioner's claims on appeal and his abuse-as-mitigation claim both allege ineffective assistance of counsel, they otherwise differ. To properly exhaust a claim in the state courts, a petitioner must raise both the legal theory and factual predicate

---

[2] As explained by Respondent in the brief supporting its Motion for Summary Judgment, Petitioner's contention that he was incorrectly sentenced in the aggravated range for his crime is based on a common misreading of North Carolina sentencing law and would have no merit even if considered. It may be that Petitioner wisely abandoned this particular claim after learning of the law's correct reading. (See Docket Entry 6 at 11-12.)

later presented in the federal petition.  See Breard, 134 F.3d at 619.  The factual predicates for the claims raised by Petitioner on direct appeal in this case did not include the very specific allegations of sexual and physical abuse that underlie his current federal claim.  He did not raise this or any of his other claims on direct appeal in the state courts.

In sum, all of Petitioner's claims are procedurally barred and should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) and Motion to Dismiss (Docket Entry 9) be **GRANTED**, that the claims raised in the Habeas Petition (Docket Entry 2) and in Petitioner's Response to the Motion for Summary Judgment (Docket Entry 8) be **DENIED**, and that Judgment be entered **DISMISSING** this action.


　　　　　　　　　　　　　　　　 /s/ L. Patrick Auld
　　　　　　　　　　　　　　　　   **L. Patrick Auld**
　　　　　　　　　　　　　　**United States Magistrate Judge**

October 6, 2010